**LINCOLNSHIRE L.P., an Illinois Limited Partnership, Plaintiff,**

v.

**ESSEX, LLC, an Illinois Limited Liability Company, and Jeffrey L. Goldberg Defendants.**

No. 02 C 5854.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 31, 2002.

James Arthur McGurk, Chicago, IL, for Plaintiff.

David E. Bennett, Timothy E. Bennett, Timothy J. Carroll, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendants.

## MEMORANDUM ORDER AND OPINION

MORAN, Senior District Judge.

In *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), the Supreme Court took a somewhat restrictive view of the scope of Rule 10b–5's requirement that the deception be "in connection with the purchase or sale of any security." It concluded that it is not enough that potential purchasers were discouraged from buying or potential sellers were encouraged to hold on to their shares or that shareholders suffered loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities.

But what if a broker represents that she will buy a security but fails to so and misappropriates the funds? There has

been no purchase of securities, and, arguably, the potential purchaser defrauded of the funds has no standing to prosecute a Rule 10b–5 action because the fraud was not in connection with an actual purchase. That was the position of the court in *Smith v. Chicago Corp.*, 566 F.Supp. 66 (N.D.Ill. 1983). But that position was rejected by the Supreme Court in *SEC v. Zandford*, 535 U.S. 813, 122 S.Ct. 1899, 153 L.Ed.2d 1 (2002), where it specifically approved the ruling in *IN RE BAUER*, 26 S.E.C. 770, 1947 WL 24474 (1947).

How does that play out here? Plaintiff does not allege that it furnished funds to defendant Essex, LLC's representative to purchase a specific security. The allegations are more convoluted than that. Plaintiff alleges that the representative, defendant Goldberg, touted an initial public offering of a start up company, Nanovation. According to plaintiff, Goldberg represented that he had a relationship with a Canadian company owning 40 per cent of Nanovation's common stock, that the Canadian company needed to raise an escrow because of "tax issues," that those who made deposits to the escrow would get preferential pricing for the Nanovation public offering, and that the deposits could be withdrawn at any time. Plaintiff deposited $250,000, with Goldberg representing plaintiff would receive 18,500 shares of the Nanovation public offering, which would occur in the near future. But there was no public offering, Nanovation went into bankruptcy, and plaintiff never got its money back.

Defendant Essex, LLC has moved to dismiss, relying upon *Blue Chip Stamps*. We deny, for now, that motion. The allegations can be construed as a scenario in which Goldberg made misrepresentations about Nanovation, although the substance of those is rather unclear, to induce plaintiff to deposit funds for ultimate use as payment for 18,500 shares of Nanovation.

Plaintiff does not appear to claim that its deposit was in connection with the purchase of securities in the Canadian company. Accordingly, Goldberg's representations about that company would not appear to provide plaintiff with a federal claim except insofar as they related to an expected investment in Nanovation. But there may be enough of a nexus to a Nanovation purchase, and that, for now, keeps plaintiff in federal court.